**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-50363**
**Summary Calendar**

---

**FRANK D. MENDICINO,**

**Plaintiff-Appellant,**

**versus**

**DELL COMPUTER,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-01-CA-561-H)**

---

December 3, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Frank D. Mendicino, *pro se*, appeals the summary judgment granted his former employer, Dell Computer, on his discrimination claim under the Americans with Disabilities Act. A summary judgment, reviewed *de novo*, is appropriate where, viewing the evidence in a light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *E.g., Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (2001). Mendicino maintains there are

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

material fact issues concerning whether he was "disabled" as defined by the ADA and whether Dell knew of his disability.

For an ADA claim, Mendicino must first show he has a protected disability. *E.g., Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). Mendicino suffers from hydrocephalus, a condition in which "an excessive amount of cerebrospinal fluid, usually under increased pressure, [exists] within the skull". THE AMERICAN MEDICAL ASSOCIATION, ENCYCLOPEDIA OF MEDICINE (Charles B. Clayman, M.D. ed., 1989). The evidence shows that, because of this condition, Mendicino cannot participate in tumbling, contact sports or heavy lifting; and he suffers from sporadic seizures, which do not prevent him from driving a car. Mendicino has failed to make the threshold showing of disability, because the impairment does not "prevent[] or severely restrict[]" him from engaging in activities "of central importance to most people's daily lives". *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, ___ U.S. ___, 122 S. Ct. 681, 691 (2002); 42 U.S.C. § 12102(2)(A). *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1120 (5th Cir. 1998) (holding inability to do heavy lifting is not a substantial limitation on a major life activity).

Further, even if Mendicino made the threshold showing, he admits to neither requesting an accommodation nor informing Dell of his disability until after his termination. "If the employee fails to request an accommodation, the employer cannot be held liable for

failing to provide one." ***Taylor v. Principal Fin. Group***, 93 F.3d 155, 165 (5th Cir. 1996), *cert. denied* 519 U.S. 1029 (1996). *See also* 42 U.S.C. § 12112(b)(5)(A) (defining "discrimination" as "not making reasonable accommodations to the *known* physical or mental limitations...." (emphasis added)). Finally, Mendicino asserts the district court erred in denying several of his motions including: a motion to appoint counsel, a motion for leave to amend his complaint, various discovery motions, and a motion for reconsideration. He also contests the district court's use of the magistrate judge. There was no reversible error.

*AFFIRMED*